# EXHIBIT A

Michael W. Carney, State Bar No. 241564
Lauren A. Welling, State Bar No. 291813
Sarah Kissel Meier, State Bar No. 305315
**SLATER SLATER SCHULMAN LLP**
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Telephone: (310) 341-2086
Fax: (310) 773-5573
E-mail: *MCarney@sssfirm.com*
        *LWelling@sssfirm.com*
        *Skmeier@sssfirm.com*

Attorneys for Plaintiff John Roe MN 70

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
08/26/2024 at 12:00:00 AM
By: Milagros Cortez,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| John Roe MN 70,<br><br>    Plaintiff,<br><br>v.<br><br>DOE 1, A CORPORATION; DOE 2, A CORPORATION; DOE 3, AN UNKNOWN ENTITY and DOES 4 to 100,<br><br>    Inclusive,<br><br>    Defendants. | Case No.: 24CV088789<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **NEGLIGENCE**<br>2. **NEGLIGENT SUPERVISION OF A MINOR**<br>3. **SEXUAL ABUSE OF A MINOR**<br>4. **NEGLIGENT HIRING, SUPERVISION, AND RETENTION**<br>5. **NEGLIGENT FAILURE TO WARN, TRAIN, OR EDUCATE PLAINTIFF**<br>6. **BREACH OF MANDATORY DUTY**<br><br>**[DEMAND FOR JURY TRIAL]** |

**SLATER SLATER SCHULMAN LLP**
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

1
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, John Roe MN 70, of and for his causes of action against Defendants, and each of them, complains and alleges as follows:

## INTRODUCTION

1.      This case involves egregious sexual and emotional abuse of a child.

2.      From 1973 to 1979, Plaintiff endured sexual grooming, manipulation, sexual abuse and assault by Defendants' Perpetrator. The abuse took place in Defendants' meetinghouse as well as in the Perpetrator's home and progressed to naked fondling, groping of Plaintiff's genitals and buttocks, oral sex and anal penetration. Plaintiff endured the abuse from the age of seven to thirteen years old.

## PARTIES

3.      Plaintiff John Roe MN 70 ("**Plaintiff**") is an adult male over the age of forty at the time of this filing and a resident of the County of Alameda, State of California. As a victim of childhood sexual assault, as defined by section 340.1 of the Code of Civil Procedure, the name "John Roe MN 70" is not the Plaintiff's actual name, but is a fictitious name utilized to protect his privacy. John Roe MN 70 is entitled to protect his identity in this public court filing by not disclosing his name. (See *Doe v. Lincoln Unified School District* (2010) 188 Cal.App.4th 758.) As a minor, Plaintiff was the victim of unlawful sexual assault, molestation, abuse, and other extreme misconduct by Perpetrator, hereinafter referred to as Perpetrator Godfrey.

4.      Plaintiff's full identity has been concealed from public court filings to prevent those not directly involved in this action from learning his identity and making his identity public, as such a public disclosure would further harm Plaintiff and his family.

5.      Defendant DOE 1, is and was at all relevant times herein mentioned, the religious entity, located at 34201 Alvarado-Niles Road in Union City, California, through which Perpetrator

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

Godfrey, held and used his position as "Perpetrator" to groom and sexually abuse Plaintiff and allow his son to do the same. DOE 1 is a corporation duly organized and operating pursuant to the laws of the State of Utah. DOE 1 operates wards, meetinghouses, congregations, temples and other houses of worship within the State of California. DOE 1 does business with and conducts continuous and systemic activities in California. DOE 1's principal place of business is 50 East North Temple, Floor 20, Salt Lake City, State of Utah 84150. DOE 1 is registered to do business in California, and the presiding Bishop serves at the pleasure of and subject to the direct and absolute control of DOE 1. The divisions of the CHURCH are the wards, stakes and areas. DOE 1 is independently liable for its own conduct as alleged herein, is liable as a successor in interest to another entity, and/or is an alter ego of Defendants.

6.      Defendant DOE 2 is and was at all relevant times herein mentioned, a religious entity and subsidiary of DOE 1. DOE 2 is a corporation duly organized, and operating pursuant to the laws of, the State of Utah. DOE 2 operates properties, temples and other houses of worship within the State of California. DOE 2 does business with and conducts continuous and systemic activities in California. DOE 2's principal place of business is 50 East North Temple, Floor 20, Salt Lake City, State of Utah 84150. DOE 2 is registered to do business in California, and operates, maintains and manages DOE 1's properties at the direction of and under the control of DOE 1. Doe 2, is independently liable for its own conduct as alleged herein, is liable as a successor in interest to another entity, and/or is an alter ego of Defendants.

7.      Defendant DOE 3, is and was at all relevant times herein mentioned, a religious entity and subsidiary of DOE 1. DOE 3 is a religious entity of unknown form organized and operating pursuant to the laws of the State of California. DOE 3 does business with and conducts continuous and systemic activities in California. DOE 3's principal place of business is 34201 Alvarado-Niles

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Rd, Union City, California. DOE 3 is registered to do business in California, and operates, maintains and manages DOE 1's congregations and wards within Alameda County at the direction of and under the control of DOE 1. DOE 3 has, or as alleged herein had, responsibility for some or all operations in Alameda County, California. DOE 3 reports directly to DOE 1. DOE 3, is independently liable for its own conduct as alleged herein, is liable as a successor in interest to another entity, and/or is an alter ego of Defendants.

8. The Defendants each assumed responsibility for the wellbeing of their members, whether as clergy or volunteers appointed by DOE 1. In their capacities as Bishop, and other positions such as Stake President, Relief Society President, visiting teacher, Missionaries, Sunday School and Primary School teacher; Defendants and their agents placed individuals in positions of responsibility and authority over Church members. As a result, they each had a special relationship with members of the congregation, including the minor Plaintiff. This relationship gave rise to a duty to protect members of the congregation, including the minor Plaintiff from a foreseeable risk of harm. At all relevant times, the Defendants assumed special responsibilities towards its members including having a disciplinary and red flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent child members from the harm they might inflict.

9. Defendants' income comes from member tithes which are turned over to DOE 1 for investment and other uses, including support of the administrative expenditures of the Defendants' wards, stakes and areas. DOE 1 does not provide information about their finances to their members or the public. Upon information and belief, DOE 1 receives more than seven (7) billion dollars a year in tithing from members. Upon information reported publicly in the media, DOE 1 owns financial assets and real estate in excess of 200 billion dollars.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

10. The true names and capacities, whether individual, plural, corporate partnership, associate, or otherwise, of Defendants DOES 4 through 100, inclusive, are unknown to Plaintiff at this time, who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and that the acts and omissions of said Defendants was the legal cause of the injury to Plaintiff and the resulting injury and damages to Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to assert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

11. Plaintiff is informed and believes and thereupon alleges that, at all times mentioned herein, Defendants were the agents, servants, employees, successors-in interest and/or joint venturers of their co-defendants and were, as such, acting within the purpose, course, scope and authority of said agency, employment, successor-in-interest and/or joint venture and that each and every Defendant as aforesaid was acting as principal and was negligent in the selection and hiring and retention of each and every Defendant as an agent, employee, successor-in-interest and/or joint venture.

12. All of the acts, conduct and nonfeasance herein carried out by each and every representative, employee or agent of each and every corporate business Defendant, was authorized, ordered and directed by their respective Defendant's corporate or business employers, officers, directors and/or managing agents; that in addition thereto, said corporate or business employers, officers, directors and/or managing agents had advance knowledge of, authorized and participated in the herein described acts, conduct and nonfeasance of their representatives, employees, agents and each of them; and that in addition thereto, upon the completion of aforesaid acts, conduct and

nonfeasance of the employees and agents, the aforesaid corporate and business employers, officers directors, and/or managing agents, respectively ratified, accepted the benefits of condoned and approved of each and all said acts, conduct or nonfeasance of their co employees, employees and agents.

13. This is an action for childhood sexual abuse brought pursuant to Code of Civil Procedure section 340.1, subdivision (a)-(d) and any other applicable statute. Prior to the December 31, 2022, filing deadline, Plaintiff and DOE 1 entered into a tolling agreement that extended the time to file until August 26, 2024. The misconduct described herein began in 1974 when Plaintiff John Roe MN 70 was a minor, seven years old. Plaintiff is now, at time of filing, over the age of forty.

14. Moreover, as stated herein and at all times relevant, Defendants, each of them, and DOES 4 through 100, knew or had reason to know, or were otherwise on notice, of the misconduct alleged herein, which created the risk of childhood sexual assault by an employee, volunteer, representative, or agent, and the person or entity failed to take reasonable steps or to implement reasonable safeguards to avoid acts of childhood sexual assault. For purposes of subdivision (c), providing or requiring counseling is not sufficient, in and of itself, to constitute a reasonable step or reasonable safeguard. As such, Plaintiff's complaint is timely.

15. Perpetrator was an employee, agent, servant, member, and/or volunteer of Defendants when they sexually assaulted the Plaintiff—then a minor.

16. During the period of childhood sexual assault and/or abuse of Plaintiff, Defendants supervised and exercised control over Plaintiff's abuser.

17. Each Defendant is responsible, in some manner, for the events and happenings herein referred to, thereby legally causing the injuries and damages to Plaintiff as hereinafter alleged.

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

6

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

18.     Except as otherwise noted, a reference to "Defendants" in this Complaint shall include DOE 1, DOE 2, DOE 3, and DOES 4 through 100, inclusive.

## JURISDICTION AND VENUE

19.     This Court has personal jurisdiction over Defendants because each Defendant resides in, is incorporated in, has their main place of business in, and/or systematically and continually has conducted and continues to conduct business in the County of Alameda and the State of California.

20.     The subject incidents upon which this Complaint are based occurred within the County of Alameda in the State of California. As such, venue is proper in the Alameda County Superior Court of California.

## FACTUAL ALLEGATIONS
### (Common to All Causes of Action)

21.     DOE 1 is led by the President, also known as the Prophet, who selects two others as counselors to assist him in his functions of overseeing the Church. The President and his Counselors function as the First Presidency, which is the highest governing body of the Church.[1]

22.     The Quorum of the Twelve Apostles is the second-highest governing body of the Church. The apostles are regarded by Church members as "special witnesses" of Jesus Christ throughout the world. They travel frequently, addressing congregations of members and meeting with, advising, and managing local leadership.

23.     Together, the First Presidency and the Quorum of the Twelve Apostles declare and establish policy, and oversee the entire Church, including every Stake and Ward in California. [2]

---

[1] https://www.churchofjesuschrist.org/learn/global-leadership-of-the-church?lang=eng

[2] [DOE 1] Gen. Handbook, Ch. 5 § 5.1.1.1 at 26 (Aug. 2023)

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

24. The Quorum of the Seventy exists to assist the Quorum of the Twelve Apostles in the overseeing, directing and managing local leadership and they serve in locations throughout the world. There are currently twelve Quorums of the Seventy, each assigned to a designated geographical location called an Area. Members of the Quorum of the Seventy live and work within the Area they serve, including California, and report directly to the twelve apostles.

25. Each Area that a Quorum of the Seventy oversees is comprised of Stakes and within each Stake are Wards. The Stakes are directed and controlled by a Stake President, who acts under the direction of the Quorum of the Seventy in his Area. Stake Presidents, acting with approval of the First Presidency, can call a member to become a Bishop.[3] In California, there are an estimated 147 Stakes.

26. Bishops, appointed and overseen by the Stake President, are responsible for the spiritual development of the Ward's members, focusing on the rising generation of children.[4] Bishops are also responsible for the Ward's finances and record keeping.

27. Plaintiff John Roe MN 70 was a minor child and a member of Defendants' Church, in Union City, California. Perpetrator Godfrey, was an "Perpetrator" of DOE 1 and used his position of authority therein to groom and to sexually abuse Plaintiff and to create and allow his son to do the same. Abuse by Perpetrator Godfrey began when Plaintiff was just seven. Intent on manipulating Plaintiff's emotions and taking advantage of his innocence, so that he eventually could sexually abuse him, Perpetrator Godfrey exploited Plaintiff's fragile mental state to cause him extreme fear, anxiety, and confusion; coercing and manipulating Plaintiff in order to gain further

---

[3] [DOE 1] Gen. Handbook, Ch. 6 § 6.2.1.5 at 33 (Aug. 2023)

[4] [DOE 1] Gen. Handbook, Ch. 7 § 7.1 at 45 (Aug. 2023)

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

power and control over him. All tactics employed for abuse purposes occurred during the most vulnerable time of Plaintiff's life.

28. Eventually Perpetrator Godfrey initiated extreme sexual abuse of Plaintiff. Plaintiff endured ongoing, humiliating events of child molestation Perpetrator Godfrey, a figure of religious authority whom Plaintiff had been taught to trust with his life and well-being and had never been given the choice but to trust. Plaintiff's abuse was furthered by Perpetrator's son Steven Godfrey who further abused the Plaintiff both sexually and physically.

29. Plaintiff is informed and believes and thereupon alleges, that, at all times herein mentioned, Defendants should have known or reasonably suspected that Perpetrator Godfrey was using his position of authority within the Defendants' Church to groom and to sexually abuse one of its minor members, Plaintiff, yet Defendants failed to take reasonable steps to protect Plaintiff.

30. From 1973 to 1979, Plaintiff was abused at Defendants' meetinghouse located at 34201 Alvarado Niles Road, and at the Perpetrator's home. Plaintiff endured over and under clothes touching of his body, including his legs, chest, buttocks and genitals, oral sex and anal penetration. At Defendants' meetinghouse grooming, manipulation and abuse occurred in the presence of other church members, during sacrament meetings, in bathrooms, and in the parking lot. At the Perpetrator's home, Plaintiff endured abuse in the bedrooms of the Perpetrator and his son.

31. At the age of seven, Plaintiff was an avid participant in the church and looked forward to his baptism. Plaintiff and his mother were regular participants in Church activity. Plaintiff's father was not active in the church and worked away from home for several months of the year. Plaintiff's mother sought recommendation from the church for after school care and was directed to the Godfrey home where Plaintiff was entrusted to the family's care and custody upon recommendation of the church. Perpetrator Godfrey immediately began to groom the Plaintiff for

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

sexual abuse under the guise of preparing Plaintiff for baptism. Plaintiff received encouragement from church leaders that his guidance by Perpetrator Godfrey was "good." At first Perpetrator Godfrey put his hands on Plaintiff's legs and shoulders and rubbed Plaintiff's clothed body while teaching Plaintiff verses for baptism, reciting scripture and singing. During sacrament meetings, Perpetrator Godfrey would pat or rub Plaintiff and straighten his clothing in front of other church members and Plaintiff's mother. Touching of Plaintiff's genitals and buttocks occurred in the meetinghouse bathrooms and parking lot. In the months leading up to Plaintiff's baptism, the abuse quickly progressed. Plaintiff was taken into Perpetrator Godfrey's bedroom and taught to undress, dance and endure penetration and oral sex during which Perpetrator Godfrey would force his penis into Plaintiff's mouth and orally copulate him to ejaculation. Plaintiff endured similar sexual and physical abuse by Perpetrator's son, who forced Plaintiff to perform the same sexual rituals of stripping, dancing, penetration and oral copulation to ejaculation. But rather than using manipulation and coercion with scripture or song, Perpetrator Godfrey's son would strike Plaintiff to gain compliance.

32.     Beginning in approximately 1975, at the age of nine, Plaintiff disclosed to Defendants' that he was being abused in Perpetrator Godfrey's home. Plaintiff was emotionally unable to relate sexual specifics about the abuse at that time. Plaintiff told church leaders he was unsafe and being physically harmed. Plaintiff's reports were dismissed. The Church leaders shamed Plaintiff by reminding Plaintiff that his father was not present to guide and mentor him as Perpetrator Godfrey did. Church leaders asked no follow-up questions about the abuse and Plaintiff saw no action taken on his behalf. The abuse continued for years after Plaintiff's report to church leaders.

33.     Each Stake creates and maintains meticulous sets of membership records which are reviewed and controlled by DOE 1. Membership records are DOE 1's way of tracking its members.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

Members are not allowed access to their records and must receive approval to view them under the supervision of the Bishop. These records include names, addresses, callings, and temple recommendations. The records also contain additional membership information such as new members, members in military service, members who are adopted, children who are born out of wedlock, and records of children of divorced parents. Records are created by the local Bishops, approved by the Stake President, and ultimately transmitted to DOE 1.

34. Records with "annotations" are also maintained by Defendants. Annotations are made where a member's conduct has threatened the well-being of other persons or of the Church as a whole. Annotations are made when a member is disciplined by the Bishop or Stake President for *"incest, sexual offense against or serious physical child abuse, plural marriage, an elective transexual operation, repeated homosexual activities (by adults), or embezzlement of church funds."* All annotations placed on a member's record are approved by the First Presidency.

35. Defendants maintain a pattern and practice of concealing abuse from the authorities, and signals that its members should conceal and/or fail to report abuse so as to keep "the Church from being inappropriately implicated in legal matters." *See President Russell M. Nelson Letter* (August 4, 2020). Through this policy of concealment, the Defendants ratify abusive conduct, perpetuating a culture of concealment and encouraging a lack of cooperation among Church members with law enforcement.

36. The Stake Presidents and Bishops Handbook states as follows: "[i]n instances of abuse, the first responsibility of the Church is to assist those who have been abused, and to protect those who may be vulnerable to future abuse."  In conjunction with this doctrine, Utah's Supreme Court has characterized the Helpline as "a 1-800 number that bishops and other Church clergy can call when they become aware of possible abuse. The Help Line is available 24 hours a day, 365 days

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

a year and is staffed by legal and counseling professionals who 'provide guidance to the bishop on how to protect the [victim] from further abuse, and how to deal with the complex emotional, psychological, and legal issues that must be addressed in order to protect the victim.'"[5]

37.    In reality, DOE 1 primarily staffs the Helpline with attorneys of Kirton McConkie, one of the largest law firms in the State of Utah.  Rather than notifying law enforcement or other government authorities when Bishops and other Church clergy members call the Helpline regarding sexual abuse within the Church, Helpline operators transfer these calls to the Kirton McConkie attorneys, who advise the bishop not to report the abuse incident to law enforcement, misrepresenting clergy-penitent privilege laws as their reasoning.

38.    Defendants' policies and protocols further direct teachers and other mandated reporters who suspect a minor may report abuse to them to encourage the minor to instead speak with a Bishop or Stake President and thus circumvent their duty to disclose and report abuse.

39.    In another sexual abuse-related civil lawsuit against the Church and its agents, a Kirton McConkie attorney "acknowledged during a pretrial deposition that the firm uses information gleaned from helpline calls to identify cases that pose a high financial risk to the [] Church."[6]

40.    In other words, DOE 1 implements the Helpline not for the protection and spiritual counseling of sexual abuse victims, as professed in Church doctrine and literature, but for Kirton McConkie attorneys to snuff out complaints and protect DOE 1 and its wards from potentially costly lawsuits. This is consistent with the instructions set forth in President Russell M. Nelson Letter,

---

[5] MacGregor v. Walker, 2014 UT 2 ¶2,322 P.3d 706, 707 (2014) [internal citation omitted in original].

[6] See The Church Has Been Accused of Using a Victim's Hotline to Hide Claims of Sexual Abuse (https://www.vice.com/en_us/article/d3n73w/duty-to-report-the-mormon-church-has-been-accused-of-using-a-victims-hotline-to-hide-sexual-abuse-claims?utm_medium=vicenewstwitter.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

dated August 4, 2020, encouraging congregants to avoid cooperating with authorities asking for information on abuse.

41.    Defendants' actions embody a culture that protects sexual predators, rather than innocent and vulnerable children. Defendants handled the repeated allegations internally as a "matter of sin" and not one leader reported any matter to police. Instead, Defendants, their bishops, and personnel, allowed Perpetrator to continue completely unhindered and protected, even in his predatory conduct. Defendants, their agents, and employees, including bishops, counselors, or personnel mentioned herein, DOES 4- 100, and each of them, acted to protect the heinous and unforgivable acts of Perpetrator, and in such action taken against Plaintiff's innocence and vulnerabilities, were careless, reckless, negligent, consciously disregarding a minor's rights.

42.    At all times herein mentioned, Defendants and each of them (1) knew how conducive the Church premises were to sexual abuse and sexual predators, and that sexual predators, such as Perpetrator Godfrey in particular, had apparent, if not actual, authority within the Church community and on Church premises while 'acting', either literally and/or figuratively, as members of a priesthood (i.e., bishops, counsellors, Perpetrators, etc.) serving an important calling (i.e. Temple Worker); (2) knew that members of the Church priesthood and specifically, systematically and continuously leveraged any and all authority which the title and association with CHURCH, conceivably provided Defendant within the community, over followers of their faith, which at all relevant times herein included Plaintiff; and (3) knew that leaving Plaintiff or any youth members of the Church under the supervision of Perpetrator or within his presence and otherwise unattended, presented a risk of imminent harm to those youth members and did harm at least one of them, this Plaintiff.

43.    Defendants provided direct access to a large youth community wherein a danger to

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

13

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

the community, Perpetrator, wielded power over the Plaintiff.

44.     Plaintiff is informed, believes, and thereupon alleges that other staff, employees, volunteers, leaders, and officers knew or should have known that Perpetrator was isolating and taking minor children, including Plaintiff, and committing inappropriate behavior with minor children. Therefore, Defendants knew or should have suspected that Perpetrator was conducting inappropriate behavior and conduct with minor children, including Plaintiff, at DOE 1's ward and congregation and failed to take any remedial action prior to his sexual assault of Plaintiff.

45.     Prior to, during, and after Perpetrator's sexual assault and/or sexual abuse, and molestation of Plaintiff, Defendants, through their agents, representative, servants, employees, and/or volunteers knew or should have known, reasonably suspected, and/or were otherwise on notice, that Perpetrator's conduct and relationship with young children, including Plaintiff, was inappropriate, unlawful, wrongful, and/or otherwise created a risk of childhood sexual assault.

46.     Defendants were made aware that Plaintiff was being physically abused and never inquired further or took action to protect Plaintiff or confirm whether Perpetrator or anyone else in Perpetrator's home had inappropriately touched, sexually assaulted and/or sexually abused, and molested other children, including Plaintiff.

47.     Notwithstanding their knowledge of an allegation of abuse in Perpetrator's home, Defendants intentionally and purposely failed to notify or warn other students, parents of children active in the congregation,  or any other persons of the possible risk of further childhood sexual abuse by Perpetrator, limit or supervise his access to children, including Plaintiff, and notify law enforcement and other appropriate agencies of the known sexual assault and/or sexual abuse, and molestation of Plaintiff.

48.     Further, Defendants' failure and/or refusal to question, confirm, investigate or report

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

abuse of Plaintiff by their Perpetrators, Bishops, employees, and/or agents created a foreseeable risk of continued sexual assault and/or abuse of Plaintiff by Perpetrator.

49.     As a direct result of Defendants' failure and/or refusal to timely and adequately act to prevent, stop, and report Perpetrator's unlawful and inappropriate misconduct, Perpetrator was able to continue his sexual assaults and/or sexual abuse, and molestation of Plaintiff.

50.     Defendants acting through their representative, agents and employees, are liable to Plaintiff for harm from the sexual assault, abuse, and other misconduct committed by Perpetrator because, inter alia, Defendants:

a)  Negligently hired, supervised, retained, monitored, and/or investigated Perpetrator.

b)  Breached their duty to implement and enforce adequate policies, guidelines, training, education, and procedures aimed at preventing, deterring, uncovering, and reporting instances of child sexual assault and/or abuse by adults, including its agents, servants, representatives, staff, and volunteers.

c)  Negligently and/or intentionally failed to report the known and/or reasonably suspected sexual assaults and/or sexual abuse, and molestation of Plaintiff to law enforcement.

51.     Defendants also intentionally and willfully implemented various measures intended and designed to, or which effectively, made Perpetrator's conduct harder to detect including, but not limited to:

a)  Permitting Perpetrator to remain in a position of good standing after Defendants knew or should have known, reasonably suspected, or were otherwise on notice, that Perpetrator sexually abused and/or sexually assaulted, and molested minor children, including Plaintiff.

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

15

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

b) Permitting Perpetrator continued and/or unsupervised access to Plaintiff, after Defendants knew or should have known, reasonably suspected, or were otherwise on notice, of Perpetrator's misconduct that created a risk of childhood sexual assault.

c) Failing to inform or concealing from law enforcement officials of the fact that Plaintiff and others were or may have been sexually assaulted after Defendants knew or should have known, reasonably suspected, or were otherwise on notice, that Perpetrator had, and/or were, engaged in the sexual assault of Plaintiff, thereby creating the circumstance where Plaintiff and others were less likely to receive medical/mental health care and treatment, thus exacerbating the harm to Plaintiff.

d) Holding out and affirming Perpetrator to Plaintiff and Plaintiff's parent, other children and their parents, and to the community as being in good standing and trustworthy.

e) Failing to take reasonable steps, and to implement reasonable policies, procedures, and safeguards to avoid, detect, and report acts of unlawful sexual conduct by employees, including Perpetrator with minor children.

f) Failing to implement a system or procedure to supervise or monitor employees, volunteers, representatives or agents to ensure that they did not molest or assault minors in Defendants' custody or care, including Plaintiff.

52. Defendants, and each of them, negligently, intentionally, maliciously and/or willfully refused to, and/or did not act reasonably to stop, inhibit, and/or report Perpetrator to law enforcement prior to, during, and/or after their sexual assault and/or sexual abuse, and molestation of Plaintiff, thereby allowing the assault to occur and to continue unabated.

53. Plaintiff is informed, believes, and thereupon alleges, that Defendants' failure and/or

16

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

refusal to satisfy their duties to Plaintiff was a part of Defendants' intended plan and arrangement to conceal wrongful acts, to avoid and inhibit detection, to block public disclosure, to avoid scandal, to avoid the disclosure of their tolerance of child sexual molestation and assault, to preserve a false appearance of propriety, and to avoid investigation and action by public authority including law enforcement.

54. Plaintiff is informed and believes, and on that basis alleges, that such actions were motivated by a desire to protect the reputation of Defendants and each of them, and to protect the monetary support of Defendants while fostering an environment where such assault could continue to occur.

55. The wrongful, intentional, negligent acts and/or omissions of Defendants, and each of them was a legal cause of the childhood sexual assaults that caused injuries to Plaintiff.

## FIRST CAUSE OF ACTION
### NEGLIGENCE
### (Plaintiff Against All Defendants and DOES 4-100)

56. Plaintiff re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

57. Defendants are persons or entities who owed a duty of care to the Plaintiff and/or to the minor's parent or had a duty to control the conduct of the Perpetrator by way of the special relationship existing between those individuals.

58. Defendants were informed and should have known and reasonably suspected Perpetrator's misconduct and inappropriate sexual behavior directed by Perpetrator to minor Plaintiff John Roe MN 70.

59. Despite having knowledge of the misconduct, Defendants failed to take any

17

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

preventive action to control the conduct, failed to warn, report, and/or confront Plaintiff John Roe MN 70 or his parents regarding the abuse, despite having a legal duty to do so.

60.     As a result of Defendants' negligence, Plaintiff John Roe MN 70 was and continued to be sexually abused.

61.     Had said Defendants fulfilled their duties and responsibilities to Plaintiff in the special relationship had with minor Plaintiff, he would not have been subjected to further misconduct aimed against him.

62.     As a direct and legal result of this conduct, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION
### NEGLIGENT SUPERVISION OF A MINOR
### (Plaintiff Against All Defendants and DOES 4-100)

63.     Plaintiff re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

64.     Defendants, their agents and or employees, each of them, were responsible for the care, custody, control, supervision and protection of the minor children, like Plaintiff, entrusted to them due to existing special relationship and/or in the course of community involvement with Defendants' religion traditions as carried out by Defendants' employee, agent, and/or representative, Perpetrator, on and off Defendants' premises. Thus, each of these said defendants had a duty to adequately and properly supervise, monitor and protect Plaintiff from known and knowable dangers;

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

like Perpetrator Godfrey, a figure of authority for the Defendants' church community shared with Plaintiff.

65. Defendants breached their duty to properly and adequately supervise, monitor and protect Plaintiff by, in part, ignoring clear and obvious signs that Perpetrator was engaged in repeated inappropriate and harassing relationships with Plaintiff and exhibited inappropriate conduct around other minors; allowing Plaintiff to spend unsupervised one-on-one time with Perpetrator; ignoring and turning a blind-eye to Plaintiff's whereabouts and wellbeing, so that he could be with Perpetrator; and allowing Perpetrator to repeatedly sexually harass and abuse the minor Plaintiff.

66. Had Defendants adequately and properly supervised, monitored, and protected its students, Plaintiff would not have been harmed.

67. Defendants also recklessly and negligently failed to implement and/or enforce policies or procedures that were aimed at preventing or detecting the sexual abuse of its youth community, which fell well below the standard of care.

68. Had Defendants, each of them, adequately performed their duty and responsibility, then Plaintiff would not have been subjected to the extreme, continuous, and unrelenting sexual assault and harassment he endured, and which still impacts his life today, as alleged herein.

69. As a direct and legal result of this conduct, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

### THIRD CAUSE OF ACTION
### SEXUAL ABUSE OF A MINOR
### (Plaintiff Against All Defendants and DOES 4-100)

70.    Plaintiff re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

71.    While Plaintiff was a member at Defendants' Church, Perpetrator took advantage of his position of authority and trust to engage in unlawful sexual acts and other harmful misconduct with Plaintiff. Plaintiff did not consent to the acts, nor could Plaintiff have consented to the acts given his age.

72.    Defendants ratified Perpetrator's sexual abuse of Plaintiff because Defendants had knowledge that he had harassed and potentially harmed other community youth members, yet they intentionally turned a blind-eye and still allowed him to be in a position of power and authority and did nothing to prevent any further abuse from occurring, thus allowing Perpetrator to gain access to and ultimately manipulate and sexually abuse Plaintiff. Defendants did not discipline, denounce, or discharge Perpetrator; as such, they instead accepted and thus ratified his conduct.

73.    At all times, Defendants were employees or administrators who were acting within the course and scope of their employment or agency with DOE 1 when they ratified Perpetrator's criminal conduct and adopted it as if it were their own conduct.

74.    As a direct and legal result of this conduct, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

75.    In committing the acts described herein, the conduct of Perpetrator, Defendants, their

20

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

agents, and employees, and DOES 4-100, were despicable, and done with malice, oppression and fraud, justifying an award of punitive damages against each of those defendants. Plaintiff will therefore seek a court order allowing an amended pleading that includes a claim for punitive or exemplary damages pursuant to C.C.P. section 425.14 against religious entities, DOE 1, DOE 2 and DOE 3.

### FOURTH CAUSE OF ACTION
### NEGLIGENT HIRING, SUPERVISION & RETENTION OF AN UNFIT EMPLOYEE
### (Plaintiff Against All Defendants and DOES 1-100)

76. Plaintiff re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

77. Defendants, their agents, and employees, including bishops, clergy, and counselors, and DOES 4-100, had the responsibility and mandatory duty to adequately and properly investigate, hire, train, and supervise its agents and employees who would be working with minors and students to protect the minors within the Church community from harm caused by unfit and dangerous individuals within their employ and supervision.

78. During the time Plaintiff was being sexually abused by Perpetrator, Defendants knew of complaints of serious misconduct made against Perpetrator, yet Defendants, each of them, failed to properly and adequately investigate those complaints and failed to take appropriate disciplinary action against Perpetrator.

79. Defendants knew or should have known that Perpetrator engaged in repeated misconduct against male members of the community, one being Plaintiff.

80. Defendants, each of them, breached their mandatory duty to investigate properly and adequately hire, train, and supervise Perpetrator on Defendants' premises.

81. Had Defendants, each of them, properly investigated, supervised, trained, and

21

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

monitored Perpetrator's conduct and actions they would have discovered that he was unfit to be given access to and have authority over minors. By failing to adequately supervise, monitor, or investigate, Defendants allowed Perpetrator to continue, unhindered, with his predatory conduct directed towards underage members of the Church community, including Plaintiff.

82.     Defendants negligently hired, supervised, retained, monitored, and otherwise employed Perpetrator and negligently failed to ensure the safety of a minor community member in the Church, Plaintiff, who was entrusted to Defendants' custody, care and control.

83.     Defendants also negligently failed to adequately implement or enforce any procedures or policies that were aimed at preventing, detecting, or deterring the sexual harassment or abuse of minors and students by members of the priesthood, Perpetrators, and other agents; including the Perpetrator.

84.     Had Defendants, each of them, performed their mandatory duties and responsibilities to monitor, supervise, and/or investigate their 'Perpetrators' and other agents, Plaintiff would not have been subjected to sexual abuse and other harmful conduct inflicted upon him.

85.     As a direct and legal result of this conduct, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

## FIFTH CAUSE OF ACTION
### NEGLIGENT FAILURE TO WARN, TRAIN, OR EDUCATE
### (Plaintiff Against All Defendants and DOES 4-100)

86.     Plaintiff re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

87. Defendants, their agents and employees, each of them, had a duty to warn, train and educate their youth community in its custody, including Plaintiff, on known and knowable dangers posed by its faculty and staff. Defendants, their agents, and employees, and DOES 4-100, also had a duty to warn, train and educate its faculty and staff on its sexual harassment policy and inappropriate boundary crossing within the youth community.

88. Defendants, their employees and/or agents, each of them, breached their duty to Plaintiff by failing to warn him of known and knowable dangers posed by its faculty and staff, including Perpetrator; by failing to inform and educate him on its sexual harassment policies and the methods to identify, report, and respond to inappropriate sexual harassment by members of the priesthood; and by failing to train its faculty and staff, including Perpetrator, on Defendants' sexual harassment policies.

89. As a direct and legal result of the negligence of DOE 1, its employees and/or agents, and DOES 4-100, Plaintiff was groomed, manipulated, and ultimately sexually assaulted and abused by Perpetrator.

90. Had Defendants, their employees and/or agents, fulfilled their duties and responsibilities, Plaintiff would not have been injured and damaged.

91. As a direct and legal result of this negligent conduct, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

**SIXTH CAUSE OF ACTION**

**BREACH OF MANDATORY DUTY:**

23

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**FAILURE TO REPORT SUSPECTED CHILD ABUSE**

**(Plaintiff Against All Defendants and DOES 1-100)**

92.     Plaintiff re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

93.     Defendants, acting through their employees and agents, were at all times "mandated reporters" pursuant to the provisions of Penal Code section 11166., et seq., also known as the Child Abuse and Neglect Reporting Act. As mandated reporters of suspected child abuse, Defendants were legally obligated to personally report reasonably suspected incidents of child abuse to the police and/or child protective services within a very short period.

94.     Defendants, acting through their employees, had, or should have had a reasonable suspicion that Perpetrator was engaged in misconduct, yet failed to report the suspected abuse to the authorities.

95.     Defendants' employees violated the Child Abuse and Neglect Reporting Act, Penal Code section 11166, et seq. They were acting within the course and scope of their employment when they violated the reporting requirements, and therefore Defendants are vicariously liable for that negligence.

96.     By failing to report suspected child abuse, Defendants allowed Perpetrator to continue, unhindered, in his abuse of minor children, including Plaintiff.

97.     As a direct and legal result of this conduct, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

**SLATER SLATER SCHULMAN LLP**
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

24

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff John Roe MN 70 prays for judgment against Defendants DOE 1, DOE 2, DOE 3, their employees and/or agents, and DOES 4 through 100, and each of them, as follows:

    1. For an award of special (economic) and general (non-economic) damages according to proof;

    2. Attorney's fees;

    3. For costs of suit incurred herein; and

    4. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action which may be tried by a jury.

Dated:  August 23, 2024                    **SLATER SLATER SCHULMAN LLP**

By: _____
    Michael W. Carney
    Lauren A. Welling
    Sarah Kissel Meier
    Attorneys for Plaintiff

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573