IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE MN 70,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOE 1, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-07652-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; VACATING HEARING** |

Before the Court is plaintiff John Roe MN 70's Motion to Remand, filed December 4, 2024. Defendants Doe 1 and Doe 2 have filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions,[1] VACATES the hearing scheduled for March 14, 2025,[2] and rules as follows.

In his Complaint, filed in state court on August 26, 2024, plaintiff, who states he is a "resident" of California and "over the age of 40," alleges he was the "victim of unlawful sexual assault, molestation, abuse, and other extreme misconduct" by an individual identified as "Perpetrator Godfrey." (See Compl. ¶ 3.) According to plaintiff, Godfrey was an "employee, agent, servant, and/or volunteer" of defendants Doe 1, Doe 2, and Doe 3

---

[1] Subsequent to the completion of briefing, and pursuant to Civil Local Rule 7-3(d)(2), plaintiff filed three Statements of Recent Decision and defendants filed five such Statements. The Court has considered each of those documents and the authorities attached thereto.

[2] The parties' stipulation, filed February 28, 2025, to continue the hearing to March 28, 2025, is hereby DENIED as moot.

1  (see Compl. ¶ 15), each of which is alleged to be a "religious entity" (see Compl. ¶¶ 5-7)
2  that is "responsible, in some manner, for the events and happenings [alleged by plaintiff],
3  thereby legally causing the injuries and damages to [p]laintiff [described in the
4  Complaint]" (see Compl. ¶ 17).  Based thereon, plaintiff asserts against Doe 1, Doe 2,
5  and Doe 3 six Causes of Action arising under California law.

6      The Complaint includes the specific street addresses at which plaintiff states Doe
7  1, Doe 2, and Doe 3 maintain their respective principal places of business (see Compl.
8  ¶¶ 3-5), and it readily can be presumed he is aware of the actual identity of each such
9  defendant.  Under California law, however, a plaintiff who, as here, asserts claims based
10 on "childhood sexual assault" and is "40 years of age or older at the time the action is
11 filed," see Cal. Code Civ. Proc. §§ 340.1(a), (e), is required to name each defendant
12 using a "'Doe' designation," see Cal. Code Civ. Proc. § 340.1(k), until such time as the
13 plaintiff makes an "in camera" showing of "corroborative fact as to the charging
14 allegations against that defendant," after which "the complaint may be amended to
15 substitute the name of the defendant or defendants, see Cal. Code Civ. Proc.
16 §§ 340.1(k), (m).

17     On November 4, 2024, Doe 1 and Doe 2, which acknowledge they "[have] not yet
18 received the Complaint from or been formally served by [p]laintiff's counsel" (see Defs.'
19 Notice of Removal ¶ 34), removed the above-titled action to district court, on the ground
20 of diversity jurisdiction.  A district court has diversity jurisdiction if "the matter in
21 controversy exceeds the sum and value of $75,000, exclusive of interest and costs," see
22 28 U.S.C. § 1332(a), and each defendant's citizenship is diverse from that of the plaintiff,
23 see id.  Here, defendants argue, the amount in controversy exceeds $75,000, plaintiff is a
24 citizen of California, Does 1 and 2 are citizens of Utah, and Doe 3, which has a California
25 address, has been fraudulently joined.

26     Where removal is based on diversity jurisdiction, 28 U.S.C. § 1441 provides that
27 "the citizenship of defendants sued under fictitious names shall be disregarded."  See 28
28 U.S.C. § 1441(b)(1).  The Court, having in mind the principle that "[r]emoval statutes are

1  strictly construed, and any doubt about the right of removal requires resolution in favor of
2  remand," see Casola v. Dexcom, Inc., 98 F.4th 947, 954 (9th Cir. 2024) (internal
3  quotation and citation omitted), and having reviewed a number of cases that have
4  considered § 1441(b)(1) as applied to removed actions in which the above-referenced
5  subsections of § 340.1 were applicable, finds persuasive, and adopts the reasoning of,
6  those courts that have concluded remand for lack of subject matter jurisdiction is
7  required.  See, e.g., Roe MG 60 v. Doe 1, 2025 WL 472291, at *2 (N.D. Cal. February 11,
8  2025) (holding Congress, in enacting § 1441(b)(1), "dictated a bright-line rule" for courts
9  to follow); Roe JB 84 v. Doe 1, 2025 WL 360356, at *1 (N.D. Cal. January 31, 2025)
10 (finding "strict application" of § 1441(b)(1) "requires" courts to "disregard the citizenship of
11 all Doe defendants"); Geppert v. Doe 1, 2023 WL 5804156, at *3 (N.D. Cal. September 7,
12 2023) (holding where "plaintiff is a citizen of one state, and every single defendant (for
13 purposes of assessing removal based on diversity jurisdiction) is effectively a citizen of
14 no state," court "lacks diversity jurisdiction"); Roe KL 66 v. Doe 1, 2024 WL 5264039, at
15 *1 (N.D. Cal. December 31, 2024) (holding § 1441(b)(1) "*obligates*" courts to disregard
16 citizenship of Doe defendant "regardless of whether Doe [defendant] is actually fictitious
17 or whether state law mandates use of the Doe designation" (emphasis in original)); Roe
18 DC 57 v. Doe 1, 2025 WL 484809, *3 (C.D. Cal. February 13, 2025) (holding § 1441(b)(1)
19 requires remand "until such time as there is at least one named defendant upon which
20 [d]efendants could properly invoke federal diversity jurisdiction").

21       Although defendants disagree, on the ground their actual identities are known,
22 and, consequently, that they are not "fictitious defendant[s]" (see Notice of Removal
23 ¶¶ 13, 15a), § 1441(b)(1) does not require a court to disregard the citizenship of "fictitious
24 defendants," but, rather, to disregard the citizenship of "defendants sued under fictitious
25 names," which is precisely how all defendants are designated in the Complaint.
26 //
27 //
28 //

Accordingly, as defendants have not, at least at this time, established diversity jurisdiction, the motion to remand is hereby GRANTED, and the above-titled action is hereby REMANDED to the Superior Court of the State of California, in and for the County of Alameda.

**IT IS SO ORDERED.**

Dated: March 3, 2025

MAXINE M. CHESNEY
United States District Judge